IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HUMANITY FOR WISDOM COMMUNITY CENTER HEALTH AND HUMAN SERVICES, HENRY B. BERROCAL, | § § § § § | SA-24-CV-00008-OLG |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| SAMSUNG ELECTRONICS CO., | § § | |
| *Defendant.* | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the above-styled cause of action.  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C.  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that the District Court dismiss Plaintiff Humanity Wisdom Community Center Health and Human Services without prejudice due to lack of counsel and administratively close this case until Plaintiff Henry B. Berrocal is released from custody, per the request of Plaintiff Berrocal.

## I.  Background

Plaintiffs Humanity for Wisdom Community Center Health and Human Services and Henry B. Berrocal, proceeding *pro se*, filed this action against Defendant Samsung Electronics Co., on January 4, 2024.  Plaintiffs' Complaint alleges that in May 2023, Berrocal made a claim

to Samsung regarding a non-working Samsung refrigerator, which has a five-year warranty for seals and 10-year warranty for the compressor unit.  Plaintiffs allege that Samsung technicians attempted to fix the compressor unit or exchange parts but were unsuccessful.  According to Plaintiffs, Samsung has agreed to replace or refund the refrigerator, but only if Plaintiffs are able to provide the serial number of the appliance from the sticker that should be affixed to the exterior of the refrigerator but is no longer there.  Plaintiffs allege Samsung has acted in bad faith in refusing to honor the refrigerator's warranty due to the missing sticker in violation of the Magnuson-Moss Warranty Act and Federal Trade Commission Act.

Plaintiffs filed a proof of service with the Court on January 10, 2024, which reflects that Plaintiffs' process server served a summons on CT Corporation, the entity designated to accept service on behalf of Defendant Samsung Electronics Co., at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201, on January 9, 2024, making Defendant's answer due on January 30, 2024. (Return of Service [#5].)  Defendant has failed to answer or otherwise respond in this action.

## II. Prior Show Cause Order

On February 13, 2024, the undersigned issued a Show Cause Order addressing several issues with Plaintiffs' lawsuit.  First, the undersigned informed Plaintiffs of limitations related to the entity Plaintiff proceeding in this case without counsel.  Plaintiff Berrocal, as an individual, may proceed without counsel in this action.  However, Humanity for Wisdom Community Center Health and Human Services, which is an entity, may not.  Entities are not permitted to proceed *pro se* in federal court and must obtain legal counsel.  *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). The Show Cause Order therefore informed Plaintiffs that an attorney must enter an appearance on behalf of Humanity for Wisdom Community Center Health and Human Services, or the entity

will be dismissed from the lawsuit.  The undersigned provided Plaintiff Berrocal, who may continue to represent himself in this case, with a variety of *pro se* resources to assist him in prosecuting this case.

The Show Cause Order also addressed concerns regarding the Court's subject matter jurisdiction.  The undersigned informed Plaintiff Berrocal that this Court has an obligation to evaluate its subject matter jurisdiction *sua sponte*, meaning the Court always must ensure that there is a basis for a case to be pending in this federal court.  *Dominguez–Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 652 n.1 (5th Cir. 2005).  Plaintiffs' Complaint asserts subject matter jurisdiction based on federal question jurisdiction and cites the Magnuson-Moss Act and alleges a Federal Trade Commission violation.

As to the Federal Trade Commission Act, there is no private right of action under this statute, meaning only the Federal Trade Commission—not individual consumers—may file suit under the Act.  *Norris v. Fairbanks Cap. Corp.*, 178 Fed. App'x 401, 403 (5th Cir. 2006); *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978).  This Court therefore lacks jurisdiction to address Plaintiffs' allegations under the Federal Trade Commission Act.

The Magnuson-Moss Warranty Act, which governs warranties on consumer products, requires that the amount in controversy exceed $50,000 to establish federal jurisdiction.  15 U.S.C. § 2310(d).  The Fifth Circuit has concluded that this threshold does not include damages from any pendent state law claims or from personal injury damages.  *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984).  The statute also expressly excludes "interests and costs" from the calculation of the amount in controversy, and courts have concluded that attorney fees must be excluded from the amount in controversy determination.  *Id.*; *Chavez v. Maximus, Inc.*, No. SA-10-CV-538-XR, 2010 WL 2950313, at *2 (W.D. Tex. July 23, 2010).  The amount

in controversy is derived from the economic value of the consumer contract, and a consumer may pursue a civil action to recover the purchase price plus collateral damages. *Chavez*, 2010 WL 2950313, at *2 (citing 15 U.S.C. § 2301(d)).

According to the Complaint, the refrigerator underlying this suit cost $2,500.  Plaintiffs seek $1,000 in fees to dispose of the non-working refrigerator, $1,500 to cover the cost of spoiled groceries, an extra $2,500 for the purchase of the new refrigerator, and $2,000 for the time spent addressing the issue, for a total of $10,000.  Plaintiffs' other damages requests appear to be an attempt to recover punitive damages in the amount of over $5 million.  Punitive damages are recoverable under the Magnuson-Moss Act for breach of warranty "only if they may be recovered in a breach of warranty action brought under the governing state law." *Boelens*, 748 F.2d at 1069.  Texas does not award punitive damages for breach of warranty, only for a separately pleaded and proved independent tort.  *Id.* at 1070.  Thus, "only [Plaintiffs'] claim for economic loss may be counted toward satisfaction of the jurisdictional amount" required to bring a claim under the Magnuson-Moss Act.  *Id.* at 1071.

Accordingly, based on Plaintiffs' allegations, the undersigned informed Plaintiffs that they have not satisfied the $50,000 amount in controversy requirement applicable to warranty claims under the Magnuson-Moss Act.  The undersigned therefore ordered Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

### III.  Response to Show Cause Order & Requests of Plaintiff Berrocal

In response to the Show Cause Order, Plaintiff Berrocal filed an Advisory [#7], informing the Court that he was arrested and transferred to the Bexar County Detention Center on January 11, 2024.  Plaintiff is requesting that his lawsuit be put on hold until he is released from custody.  Plaintiff's Advisory also requests legal documents and forms so that he can file a

4

civil rights suit regarding his arrest and the conditions of his current confinement.  The forms he is requesting do not appear to relate to the instant lawsuit.

No attorney has entered an appearance on behalf of Plaintiff Humanity for Wisdom Community Center Health and Human Services.

### III.  Recommendations

In light of the Advisory, the undersigned will recommend the following.  First, the District Court should dismiss Plaintiff Humanity for Wisdom Community Center Health and Human Services due to lack of counsel.  This dismissal shall be without prejudice to reinstating this Plaintiff if the entity obtains counsel.  Second, the District Court should administratively close this case due to Plaintiff Berrocal's request that his lawsuit be stayed pending his release from custody.  Plaintiff may move to reopen this case when he is released from pretrial detention or any subsequent incarceration.  Upon reopening, Plaintiff will be required to respond to the Show Cause Order regarding the Court's jurisdictional concerns.

Finally, the undersigned informs Plaintiff Berrocal that he cannot raise claims about his conditions of confinement or his arrest in this lawsuit against Samsung regarding the warranty on his refrigerator.  Plaintiff Berrocal will need to file a separate lawsuit if he believes he has claims against any other parties for civil rights violations.  Plaintiff should contact the Clerk's Office for the Western District of Texas directly to request forms related to filing any other lawsuits or obtain them on the Court's website at www.txwd.uscourts.gov/main-forms/civil/.

In summary, the undersigned **recommends** that Plaintiff Humanity for Wisdom Community Center Health and Human Services be **dismissed without prejudice** from this suit and that this case be **administratively closed** until further order of the Court.  Plaintiff is

5

responsible for informing the Court when he is released from custody and wishes to proceed with this lawsuit.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  The Clerk's Office should update Plaintiff's address to the address at the Bexar County Detention Center.

Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted

by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 23rd day of February, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE