IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HUMANITY FOR WISDOM COMMUNITY CENTER HEALTH AND HUMAN SERVICES, HENRY B. BERROCAL, <br><br>*Plaintiffs,* <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., <br><br>*Defendant.* | SA-24-CV-00008-OLG |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the above-styled cause of action. All pretrial matters in this case were referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the District Court construe Plaintiff's "Advisory to the Court" [#14] as a motion to reopen this case. It is further recommended that the District Court grant the motion, administratively reopen this case, and dismiss this case for lack of subject-matter jurisdiction.

**I. Background**

Plaintiff[1] Henry B. Berrocal, proceeding *pro se*, filed this action against Defendant Samsung Electronics Co., on January 4, 2024. The Complaint alleges that in May 2023, Plaintiff made a claim to Samsung regarding a non-working Samsung refrigerator, which has a five-year warranty for seals and 10-year warranty for the compressor unit. Plaintiff alleges that Samsung technicians attempted to fix the compressor unit or exchange parts but were unsuccessful. According to Plaintiff, Samsung has agreed to replace or refund the refrigerator, but only if Plaintiff is able to provide the serial number of the appliance from the sticker that should be affixed to the exterior of the refrigerator but is no longer there. Plaintiff alleges Samsung has acted in bad faith in refusing to honor the refrigerator's warranty due to the missing sticker in violation of the Magnuson-Moss Warranty Act and Federal Trade Commission Act.

**II. Prior Show Cause Order**

On February 13, 2024, the undersigned issued a Show Cause Order addressing several issues with Plaintiff's lawsuit. The Show Cause Order directed Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. The undersigned informed Plaintiff that this Court has an obligation to evaluate its subject-matter jurisdiction *sua sponte*, meaning the Court always must ensure that there is a basis for a case to be pending in this federal court. *Dominguez–Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 652 n.1 (5th Cir. 2005).

**III. Response to Show Cause Order and Prior Report and Recommendation**

In response to the Show Cause Order, Plaintiff filed an Advisory [#7], informing the Court that he was arrested and transferred to the Bexar County Detention Center on January 11,

---

[1] Humanity for Wisdom Community Center Health and Human Services was also originally listed as a Plaintiff, but the Court dismissed that party because an entity cannot proceed *pro se* in federal court. (Order [#12].)

2

2024.  Plaintiff also requested that his lawsuit be put on hold until he is released from custody.  Based on the advisory, the undersigned recommended that the District Court administratively close this case pending Plaintiff's release from custody and require that Plaintiff show cause regarding the Court's jurisdictional concerns in any motion to reopen the case.

The District Court adopted these recommendations on August 21, 2024, and administratively closed this case pending Plaintiff's release from custody.  The District Court further stated that Plaintiff would be required to show cause as to why this Court has subject-matter jurisdiction over his claims within 10 days of the case being reopened.

### IV.  Plaintiff's Recent Filings

On February 18, 2025, Plaintiff filed a Notice of Change of Address, which indicates he is no longer in custody of the Bexar County Detention Center [#13].  Plaintiff also filed an Advisory to the Court [#14], which attempts to address the Court's concerns about subject-matter jurisdiction and details his alleged damages, although no evidence of the alleged damages has been provided.  Plaintiff also filed three motions—a motion for default judgment, a motion for damages, and a motion for attorney's fees [#15, #16, #17].  Having considered the filings, the undersigned recommends the Court construe Plaintiff's advisory [#14] as a motion to reopen this case and should evaluate its subject-matter jurisdiction.

Plaintiff's Complaint asserts subject-matter jurisdiction based on federal-question jurisdiction and cites the Magnuson-Moss Act and alleges a Federal Trade Commission violation.  There is no private right of action under the Federal Trade Commission Act; only the Federal Trade Commission—not individual consumers—may file suit under the Act.  *Norris v. Fairbanks Cap. Corp.*, 178 Fed. App'x 401, 403 (5th Cir. 2006); *Fulton v. Hecht*, 580 F.2d 1243,

3

1248 n.2 (5th Cir. 1978).  The Federal Trade Commission Act is therefore not a basis for subject-matter jurisdiction.

The Magnuson-Moss Warranty Act creates a private cause of action for a warrantor's failure to comply with the terms of a written warranty and allows federal courts to hear claims for breach of warranty where the amount in controversy is at least $50,000.  15 U.S.C. § 2310(d); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).  Courts look to state law to determine the applicable measure of damages, which informs the amount in controversy under the Act.  *Scarlott*, 771 F.3d at 887.  However, personal-injury damages, which are not recoverable under the Magnuson-Moss Warranty Act, may not be counted to satisfy the jurisdictional amount.  *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984).  The statute also expressly excludes "interests and costs" from the calculation of the amount in controversy, and courts have concluded that attorney fees must be excluded from the amount-in-controversy determination.  *Id.*; *Chavez v. Maximus, Inc.*, No. SA-10-CV-538-XR, 2010 WL 2950313, at *2 (W.D. Tex. July 23, 2010).

Under Texas law, which applies to Plaintiff's breach-of-warranty claims, the "measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."  Tex. Bus. & Com. Code § 2.714(b).  Texas law additionally allows recovery of incidental and consequential damages.  *Scarlott*, 771 F.3d at 888.  Texas law does not allow for the recovery of punitive damages.  *Id.*

According to Plaintiff's Complaint, the refrigerator underlying this suit cost $2,500.  Plaintiff seeks $1,000 in fees to dispose of the non-working refrigerator, $1,500 to cover the cost

4

of spoiled groceries, an extra $2,500 for the purchase of the new refrigerator, and $2,000 for the time spent addressing the issue, for a total of $10,000. Plaintiff's other damages requests appear to be an attempt to recover punitive damages in the amount of over $5 million.

Based on the allegations in Plaintiff's Complaint, the undersigned previously found that Plaintiff had not satisfied the $50,000 amount-in-controversy requirement applicable to warranty claims under the Magnuson-Moss Act. Plaintiff's Advisory [#14] asserts that he sustained additional collateral damages that should be considered in the amount of $897,780. Plaintiff claims that over a 21-month period, he was forced to pay storage fees for the unfixed refrigerator, lost time and productivity while contacting Samsung, suffered health consequences due to having no access to proper food storage, incurred personal labor costs as a chef and delivery driver due to not having a working refrigerator (and having to grocery shop and cook daily), and suffered emotional and mental distress damages.

These additional alleged damages should be excluded from the Court's determination of the $50,000 jurisdictional threshold. As noted, personal injury damages are not recoverable collateral damages under the Magnuson-Moss Warranty Act. *Boelens*, 748 F.2d at 1069. Plaintiff cannot recover any damages for any health issues he alleges stem from his unfixed refrigerator in a breach-of-warranty action. Nor can Plaintiff recover punitive damages or damages for mental anguish and suffering related to his broken refrigerator. Under Texas law, mental anguish damages are only recoverable for certain types of contracts where mental anguish can be reasonably contemplated to be caused by breach. *Dean v. Dean*, 821 F.2d 279, 281 (5th Cir. 1987) (applying Texas law). Mental damages are not a foreseeable result of a breach of warranty of a refrigerator.

This leaves Plaintiff's claim of $37,500 in damages related to storage rental fees for his refrigerator, $63,000 in alleged loss of productivity, $14,700 in forced labor, and $98,280 in food expenses. Although these are alleged economic damages, Plaintiff has not submitted evidence that would substantiate these exorbitant amounts, which are not credible or reasonably related to a claim of breach of warranty related to a broken refrigerator. Plaintiff has not established the required jurisdictional threshold, and the Court should dismiss this case for lack of subject matter jurisdiction.

## V.  Conclusion and Recommendation

Having considered Plaintiff's pleadings and filings and the governing law, the undersigned **recommends** that the District Court construe Plaintiff's Advisory [#14] as a motion to reopen this case, grant the motion, administratively reopen this case, but dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and Plaintiff's other motions [#15, #16, #17] as moot.

## VI.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify

those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 4th day of March, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE