UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
March 20, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

| | |
|---|---|
| **HENRY B. BERROCAL,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL NO. SA-24-CV-8-OLG** |
| § | |
| **SAMSUNG ELECTRONICS CO.,** § | |
| § | |
| **Defendant.** § | |

# ORDER

The Court has considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (the "Report") (Dkt. No. 18), filed on March 4, 2025, wherein Judge Chestney recommended that the Court construe Plaintiff's advisory (the "Advisory") as a motion to reopen this case, grant that request, and dismiss this action for lack of subject matter jurisdiction. Judge Chestney further recommended that the Court deny Plaintiff's other pending motions as moot. Plaintiff filed objections (the "Objections") (Dkt. No. 21) to the Report.

When a party objects to a magistrate judge's report and recommendation, the district court must conduct a de novo review as to those portions of the report and recommendation to which an objection is made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Frivolous, conclusory, or general objections need not be considered by the district court. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Any portions of the magistrate judge's finding or recommendation that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

This case arises under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301–2312, "which allows litigants to bring breach-of-warranty claims in federal court if the amount in controversy is at least $50,000." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 886 (5th Cir. 2014) (citing

15 U.S.C. § 2310(d)(3)(B)). Plaintiff alleges that the compressor in his refrigerator broke, and Defendant failed to refund or exchange the refrigerator in breach of an express warranty. Dkt. No. 1 at 7. While Plaintiff purchased the refrigerator for just $2,500, he claims $5,020,000 in total damages. *See id.* at 8–9.

In the Report, Judge Chestney rejected Plaintiff's calculation of damages as "exorbitant" and not "reasonably related to a claim of breach of warranty related to a broken refrigerator." Dkt. No. 18 at 6. In his Objections, Plaintiff revises his damages calculation accordingly. *See* Dkt. No. 21 at 2–4. But this revised calculation is not a good faith estimate of recoverable damages either. For example, Plaintiff requests $29,600 to compensate him for approximately 2,000 meals he ate at restaurants due to his broken refrigerator. *Id.* at 3–4. Similarly, Plaintiff requests $39,285.71 in rental fees for storing the refrigerator after it broke. *Id.* at 2. While Plaintiff may recover incidental and consequential damages if he prevails on his breach of warranty claim, Plaintiff's present claim for damages is preposterous. The Court rejects it as such. *See Diefenthal v. Civ. Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982) ("While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury.").

Because Judge Chestney correctly rejected Plaintiff's claim of damages as insufficient to meet the amount-in-controversy requirement, the Objections (Dkt. No. 21) are **OVERRULED**, and the Report (Dkt. No. 18) is **ACCEPTED**.

**IT IS THEREFORE ORDERED** that the Advisory (Dkt. No. 14) is construed as a motion to reopen and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that any pending motions are **DENIED AS MOOT**.

IT IS FURTHER ORDERED that this case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** this 19 day of March, 2025.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE